IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SHAYANNA MARIE ENGLAND, Defendant. | CR 18-61-GF-BMM<br><br>AMENDED ORDER on COMPASSIONATE RELEASE |

Defendant Shayanna Marie England filed a motion seeking compassionate release, or in the alternative for home detention (Doc. 131) under 18 U.S.C. § 3582(c)(1)(A)(i), on June 16, 2020, in light of the COVID-19 pandemic. The United States responded on June 23, 2020.

England is currently serving a sentence of 12 months and one day for involuntary manslaughter. *See* Judgment (Doc. 109). The Bureau of Prisons (BOP) projects her release for September 10, 2020. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (accessed July 13, 2020). England is set to be

1

released from FCI Pekin, Illinois, where she is incarcerated, on August 6, 2020, for transfer to home detention. *See* Government Exhibits 1-2. As of July 13, 2020, there are two reported active inmate cases of COVID-19 at FCI Pekin. *See* Interactive Map, https://www.bop.gov/coronavirus/ (accessed July 13, 2020). England has requested the Court's intervention in this matter because of her stated health issues, as well as those of her infant daughter. She states that these factors may put both of them at higher risks of complications related to COVID-19, warranting her early release or transfer to home detention.

The Court may reduce England's sentence if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13. The Sentencing Commission's guideline provides that a defendant's suffering from a serious physical or medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I). The guideline further provides that family circumstances, such as the "death or incapacitation of the caregiver of the defendant's minor child," also may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n. 1(C)(i). The defendant also must show that she does not pose a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). Section

3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] family ties." 18 U.S.C. § 3142(g)(1), (3)(A).

The Court has considered the § 1B1.13 sentencing reduction guidelines and finds that "extraordinary and compelling reasons" warrant the reduction of England's sentence. The Court also has reviewed the factors set forth in § 3142(g) of Title 18 and determined that England does not present a danger to the safety of any other person and the community.

England explains that she has a "documented medical history" of respiratory illness, bronchitis, and other health issues. *See* Mot. for Release (Doc. 132). These factors may increase her vulnerability to complications arising from COVID-19 infection. The Court nonetheless recognizes the Government's argument that England "has not shown that she currently suffers from any of these conditions." *See* Response to Mot. for Release (Doc. 134) at 14. The fact remains that the unprecedented circumstances of the COVID-19 pandemic have placed England, like countless other BOP inmates, at a higher risk of complications. Given that the number of reported active inmate cases at FCI Pekin is rising, present circumstances permit that England's stated health issues approach the standard of a "serious physical or medical condition." *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

3

BOP assures that it "has taken aggressive steps to protect inmates' health and has worked hard to try to keep COVID-19 outside of its facilities." *See* Response to Mot. for Release (Doc. 134) at 3. The Court recognizes BOP's efforts to mitigate the prospect of COVID-19 spread. Because of her health conditions, however, England qualifies as one of the many inmates whose circumstances warrant proactive measures.

Most concerning to the Court is the potential for COVID-19 spread at FCI Pekin over the next month, before England's scheduled transfer to home confinement on August 6, 2020. The possibility of COVID-19 spread at FCI Pekin throughout July and August of 2020 increases the chances that England contracts the virus and brings it home to her family. Namely, England's daughter, Kahlani Wild Gun, remains at risk, owing to issues stemming from her premature birth in June of 2019, at 32 weeks of gestation. *See* Medical Records (Doc. 133). As England explains, Kahlani is "medically fragile" and more susceptible to complications caused by COVID-19. *See* Mot. for Release (Doc. 132) at 9. The Court takes seriously the risk of England infecting her daughter upon her scheduled transfer to home confinement. Sentence reduction will help reduce England's potential exposure to COVID-19 at FCI Pekin, before her return home.

Accordingly, England's request satisfies the standard of "extraordinary and compelling reasons" because of "family circumstances" concerning the "death or

4

incapacitation of the caregiver of the defendant's minor child." *See* U.S.S.G. § 1B1.13 cmt. n. 1(C). Kahlani's medical ailments demand continual attention, including frequent hospitalization. So far, England's mother, Danette Harwood, as well as England's husband and Kahlani's father, Brendon Wild Gun, have served as the primary caretakers. *See* Mot. for Release (Doc. 132) at 9. The COVID-19 pandemic has made caring for Kahlani significantly more difficult.

England reports that local child care providers have turned away the vomiting and aspirating infant, forcing Brendon Wild Gun to quit his job to stay home to care for her. *See* Defendant Exhibit 2. What is more, Kahlani's grandmothers are forced to take time off work to help with the infant's care. *See* Mot. for Release (Doc. 132) at 9; Defendant Exhibit 2. Kahlani's caretakers face the dilemma of needing to tend to the child while also remaining employed. Their need to work less to provide caregiving puts their employment in jeopardy, which in turn puts Kahlani's care at risk. This dilemma qualifies as an "incapacitation of the caregiver of the defendant's minor child" that warrants a reduction in England's sentence.

The Court also has considered the factors set forth in 18 U.S.C. § 3142(g), and has determined that England does not pose a danger to the safety "of any other person and the community." *See* 18 U.S.C. § 3142(g). BOP houses England in a low-security facility. She has served her term without incident. *See* Mot. for

Release (Doc. 132) at 10. The Government does not dispute this account. The nature and circumstances of England's crime were tragic and complex [*See* Mot. for Release (Doc. 132) at 11; Presentence Report]; the Court considered these factors when it imposed a sentence of 12 months and one day instead of a term within the guideline range of 41 to 51 months. Her crime is not one that could be deterred through the maintenance of a longer sentence. As England states, she "has no criminal history" and "no realistic chance of recidivism." *See* Mot. for Release (Doc. 132) at 11. She has a suitable place for living after her release. *See* Mot. for Release (Doc. 132) at 11. The release of England at this time would not pose a danger to the community.

The Court finds that England has provided "extraordinary and compelling reasons" for a reduction in her sentence. The Court also finds that England does not present a danger to any other person and the community.

Accordingly, IT IS ORDERED that England's motion for compassionate release (Doc. 132) is GRANTED. Her period of incarceration is reduced to time served (253 days). She shall be released from the custody of the Bureau of Prisons on this judgment.

DATED this 15th day of July, 2020.

_____

Brian Morris, Chief District Judge
United States District Court